IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PRESBY PATENT TRUST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 17-1720 (RGA) |
| | ) | |
| INFILTRATOR WATER TECHNOLOGIES, | ) | |
| LLC and INFILTRATOR SYSTEMS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**OPENING BRIEF IN SUPPORT OF DEFENDANTS'
MOTION TO STAY PENDING *INTER PARTES* REVIEW**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Stephen J. Kraftschik (#5623)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mant.com
skraftschik@06mnat.com

OF COUNSEL:

Edward C. Donovan, P.C.                          *Attorneys for Defendants*
Sean M. McEldowney
John R. Rhine
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W., Suite 1200
Washington, D.C.  20005
(202) 879-5000

June 22, 2018

## <u>TABLE OF CONTENTS</u>

I.      Summary of the Argument.................................................................................................1

II.     Statement of Facts .........................................................................................................2

        A.      Nature and Stage of the Proceedings ................................................................2

        B.      The PTAB Recently Instituted IPRs on All Asserted Claims................................3

        C.      This Acton Is Still in Its Early Stages ...................................................................4

III.    Argument ........................................................................................................................4

        A.      This Court Has Broad Discretion to Grant the Requested Stay............................4

        B.      This Court Should Exercise Its Discretion to Grant the Requested Stay................5

                1.      The IPRs Will Simplify This Case and Streamline Any Remaining
                        Issues for Trial .......................................................................................5

                2.      This Action Is Still in Its Early Stages.....................................................7

                3.      The Requested Stay Will Not Unduly Prejudice Plaintiff .........................8
                        a.      Infiltrator Diligently Filed IPRs Months Before the
                                Deadline ......................................................................................9
                        b.      Infiltrator Timely Moved to Stay.................................................9
                        c.      The Status of the IPR Proceedings Favors a Stay...........................9
                        d.      The Relationship of the Parties Does Not Weigh Against a
                                Stay .............................................................................................10

IV.     Conclusion .....................................................................................................................11

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*454 Life Sciences Corp. v. Ion Torrent Sys., Inc.*,
    C.A. No. 15-595-LPS, 2016 WL 6594083 (D. Del. Nov. 7, 2016) ..........................................7

*Bonutti Skeletal Innovations, L.L.C. v. Zimmer Holdings, Inc.*,
    C.A. No. 12-1107-GMS, 2014 WL 1369721 (D. Del. April 7, 2014) ........................4, 8, 9, 10

*Boston Sci. Corp. v. Cordis Corp.*,
    777 F. Supp. 2d 783 (D. Del. 2011) ...............................................................................8

*Copy Prot. LLC v. Netflix Inc.*,
    C.A. No. 14-365-LPS, 2015 WL 3799363 (D. Del. June 17, 2015) ......................................9

*Ever Win Int'l Corp. v. Radioshack Corp.*,
    902 F. Supp. 2d 503 (D. Del. 2012) ...........................................................................8, 10

*Gen. Elec. Co. v. Vibrant Media, Inc.*,
    C.A. No. 12-526-LPS, 2013 WL 6328063 (D. Del. Dec. 4, 2013) .......................................6

*MiiCs & Partners Am. Inc. v. Toshiba Corp.*,
    C.A. No. 14-805-RGA, 2015 WL 9854845 (D. Del. Aug. 11, 2015) ....................................5

*Neste Oil OYJ v. Dynamic Fuels, LLC*,
    C.A. No. 12-1744-GMS, 2013 WL 3353984 (D. Del. July 2, 2013) ....................................5

*Presby Patent Trust v. Infiltrator Systems, Inc.*,
    Case No. 1-14:cv-00542 (D.N.H. 2014) .....................................................................2, 3

*Procter & Gamble Co. v. Kraft Foods Glob., Inc.*,
    549 F.3d 842 (Fed. Cir. 2008) ....................................................................................4

*Round Rock Research LLC v. Dole Food Co.*,
    C.A. Nos. 11-1239-RGA, 11-1241-RGA, 11-1242-RGA, 2012 WL 1185022
    (D. Del. Apr. 6, 2012) ...............................................................................................7

*Sirona Dental Sys. GmbH v. Dental Wings Inc.*,
    C.A. No. 14-460-LPS-CJB, D.I. 67 (D. Del. March 22, 2016) .......................................6, 9

**Statutes**

35 U.S.C. § 315(b) .......................................................................................................9

35 U.S.C. § 315(e) .......................................................................................................6

35 U.S.C. § 318(c) ...................................................................................................................6

**Rules**

37 C.F.R. § 42.100(c)...............................................................................................................3

Defendants Infiltrator Water Technologies, LLC and Infiltrator Systems, Inc. ("Infiltrator") respectfully move to stay this case pending resolution of *inter partes* review ("IPR") proceedings instituted on May 25, 2018, in which the United States Patent and Trademark Office's Patent Trial and Appeals Board ("PTAB") will promptly determine whether the asserted claims of the two patents-in-suit are invalid as obvious.

## I.    SUMMARY OF THE ARGUMENT

The PTAB instituted IPRs on every asserted claim. (Exs. A and B). The requested stay would serve judicial efficiency by saving the Court and parties from expending resources litigating issues that are likely to change or be mooted as a result of these IPR proceedings. When considering whether to stay an action pending an IPR, courts consider: (1) whether granting the stay will simplify the issues for trial; (2) whether discovery is complete and a trial date is set; and (3) whether granting a stay would cause the non-moving party to suffer undue prejudice from any delay, or a clear tactical disadvantage. Here, each factor favors granting a stay.

First, a stay will simplify the issues and streamline trial. The PTAB has already found there is "reasonable likelihood" that each asserted claim is invalid. (Exs. A and B). And if the PTAB determines that the asserted claims are invalid, this litigation will effectively be concluded, and trial will be unnecessary. Further, even if some claims survive the review process, the record at the PTAB is likely to simplify this litigation because the Court and the parties will have the benefit of the PTAB's opinion in construing the claims and evaluating their scope. In short, it would be advantageous for this Court to issue a stay now because an IPR will reduce the complexity of any remaining proceedings before this Court.

Second, this litigation is still in a very early stage. No party has served any discovery requests, claim construction has not begun, no depositions have been noticed, the close of fact

1

discovery is still many months away, and expert discovery is not set to be complete until June 2019. Moreover, trial is not scheduled until November 18, 2019, a year and a half from now. Because so little progress has been made in the case, a stay pending IPR will likely relieve the parties and the Court of a significant amount of costly and unnecessary activity.

Finally, a stay would not unduly prejudice or disadvantage Presby Patent Trust ("Presby"). Indeed, Presby has not shown any interest in a speedy conclusion to this litigation. Presby originally asserted the '094 patent more than three and a half years ago.[1]  That suit was dismissed. Presby then waited another 20 months to file the present case. Sixteen months later, the only progress in this litigation has been an answer and the exchange of preliminary invalidity and infringement contentions. Presby has not served a single discovery request in the four months since discovery began. Nor has Presby sought a preliminary injunction, which is a tacit admission on the adequacy of monetary relief and the absence of any undue prejudice or disadvantage from a stay. Moreover, the PTAB will move swiftly to issue a final decision in the IPR proceedings.

For all these reasons, Infiltrator respectfully requests that the Court stay this litigation pending resolution of the IPR proceedings.

## II.    STATEMENT OF FACTS

### A.    Nature and Stage of the Proceedings

This is a patent infringement action in which Presby has asserted U.S. Patent Nos. 8,815,094 ("the '094 patent") and 9,556,604 ("the '604 patent") (collectively, the "patents-in-suit") against Infiltrator.

In 2014, Presby filed a complaint against Infiltrator in *Presby Patent Trust v. Infiltrator*

---

[1]  *Presby Patent Trust v. Infiltrator Systems, Inc.*, Case No. 1:14-cv-00542 (D.N.H. June 3, 2015), D.I. 17.

*Systems, Inc.*, Case No. 1-14:cv-00542 (D.N.H. 2014), alleging infringement of the '094 patent. The complaint was dismissed for lack of personal jurisdiction on June 3, 2015.[2] Over 20 months later, Presby filed a second complaint in the United States District Court in the District of Maine asserting the patents-in-suit against Infiltrator. Infiltrator then moved to dismiss for improper venue.

Before the Maine Court ruled on the motion to dismiss, Infiltrator timely filed two IPR petitions challenging all asserted claims of the patents-in-suit. After the case was transferred to this Court for improper venue, this Court held a Rule 16 conference and entered a Scheduling Order on January 24, 2018. (D.I. 29). On April 25, 2018, Presby Patent Trust served its initial infringement charts (D.I. 39), in which it asserted infringement of Claims 8-11 of the '094 patent and Claims 1-5 and 8-13 of the '604 patent. Recently, Infiltrator served its initial invalidity contentions (D.I. 40), which included all the invalidity grounds in the IPR petitions it had submitted to the PTAB, as well as additional invalidity contentions.

### B.    The PTAB Recently Instituted IPRs on All Asserted Claims

On May 25, 2018, the PTAB instituted IPRs on all claims of the '604 patent and all asserted claims of the '094 patent. The PTAB concluded that Infiltrator had a "reasonable likelihood of prevailing in showing the unpatentability" of each asserted claim. (Exs. A and B). The claims at issue in the IPRs include every claim Presby is asserting in this action.

On the same day that it issued institution decisions, the PTAB issued a Scheduling Order in each IPR. (Exs. C and D). Under these Scheduling Orders, final oral argument in the IPRs is set for February 19, 2019 (*id.*), over eight months before the scheduled trial in this litigation. The PTAB's final written decision will be issued on or before May 25, 2019. *See* 37 C.F.R.

---

[2]    *Id.*

§ 42.100(c) ("[a]n *inter partes* review proceeding shall be administered such that pendency before the Board after institution is normally no more than one year").

### C.   This Acton Is Still in Its Early Stages

To date, the parties have not served any documents requests, interrogatories, or requests for admissions. The parties have neither scheduled nor taken any depositions, and they have not engaged in any fact or expert discovery. The parties have not exchanged any proposed claim terms for construction or any claim construction briefing. Other than exchanging preliminary infringement and invalidity contentions, the case has not progressed since its filing in Maine 16 months ago.

Under the Scheduling Order, the claim construction hearing is not scheduled to take place until January 2, 2019. (D.I. 29 ¶ 9). Fact discovery is not scheduled to close until February 1, 2019, and expert discovery is not scheduled to close until June 12, 2019. (*Id.* ¶ 10). Trial is not scheduled to begin until November 18, 2019 (*Id.* ¶ 16), six months after the PTAB is expected to issue its final written decision.

## III.   ARGUMENT

### A.   This Court Has Broad Discretion to Grant the Requested Stay

"The Supreme Court has long recognized that district courts have broad discretion to manage their dockets, including the power to grant a stay of proceedings," and the Federal Circuit has "consistently recognized the inherent power of the district courts to grant a stay pending reexamination of a patent." *Procter & Gamble Co. v. Kraft Foods Glob., Inc.*, 549 F.3d 842, 848-49 (Fed. Cir. 2008). This discretion to stay pending reexamination of a patent extends to stays pending IPR. *See, e.g.*, *Bonutti Skeletal Innovations, L.L.C. v. Zimmer Holdings, Inc.*, C.A. No. 12-1107-GMS, 2014 WL 1369721, at *2 (D. Del. April 7, 2014).

4

**B.      This Court Should Exercise Its Discretion to Grant the Requested Stay**

In deciding a motion to stay pending an IPR, this Court typically considers three factors: "(1) whether granting the stay will simplify the issues for trial; (2) whether discovery is complete and a trial date is set; and (3) whether granting a stay would cause the non-moving party to suffer undue prejudice from any delay, or a clear tactical disadvantage." *MiiCs & Partners Am. Inc. v. Toshiba Corp.*, C.A. No. 14-805-RGA, 2015 WL 9854845, at *1 (D. Del. Aug. 11, 2015) (citation omitted). Here, all three factors support the requested stay.

**1.      The IPRs Will Simplify This Case and Streamline Any Remaining Issues for Trial**

The PTAB has instituted IPRs on all of the asserted claims based on multiple non-redundant grounds of invalidity. (Exs. A and B). As such, it is likely that the IPRs here will result in significant simplification of issues for trial, if not dispose of the case.

Staying a case pending IPR can simplify the issues for trial in numerous ways, including:

> (1) all prior art presented to the court at trial will have been first considered by the PTO with its particular expertise,
>
> (2) many discovery problems relating to the prior art can be alleviated,
>
> (3) if patent is declared invalid, the suit will be dismissed,
>
> (4) the outcome of the IPR may encourage a settlement without further involvement of the court,
>
> (5) issues, defenses, and evidence will be more easily limited in pretrial conferences, and
>
> (6) the cost will likely be reduced both for the parties and the Court.

*Neste Oil OYJ v. Dynamic Fuels, LLC*, C.A. No. 12-1744-GMS, 2013 WL 3353984, at *4 (D. Del. July 2, 2013) (staying case and explaining that PTAB statistics and stricter standard for IPR review suggest that at least some claims are likely to be canceled).

5

The simplification benefits in this case are particularly strong because the PTAB granted review of *every* asserted claim in the litigation. As a result, the IPRs could completely dispose of the case. *See, e.g.*, *Sirona Dental Sys. GmbH v. Dental Wings Inc.*, C.A. No. 14-460-LPS-CJB, D.I. 67 at 9-10 (D. Del. March 22, 2016) (granting stay pending IPR "because the PTAB has granted IPR review with respect to all of the claims" in suit and if found invalid "litigation would be simplified because it would be concluded" (internal quotations and citations omitted)). According to the USPTO itself, the PTAB's final written decisions result in cancellation of all instituted claims in 65% of cases, and 81% of its decisions result in at least one instituted claim being found unpatentable. (*See* Ex. E at 11). And even if the IPRs do not entirely dispose of the case, any finding that an asserted claim is unpatentable would simplify the case and streamline the remaining issues for trial. That is particularly true here, given that only four independent claims of the '094 and '604 patents have been asserted in this action, all of which are challenged in the petitions. Thus, any finding of unpatentability will streamline this case for trial.

Furthermore, even if no asserted claim is found unpatentable, the IPRs may still lead to amendments or additional prosecution history of the asserted claims that could simplify or dispose of the case. For example, any amendment of the asserted claims may trigger intervening rights and thus simplify the damages issues in the case and streamline them for trial. *See* 35 U.S.C. § 318(c). And even if *all* of the asserted claims survive the IPRs untouched—an outcome that appears unlikely given the PTAB's detailed reasons for granting the IPR petitions—the issues in the case will still be simplified and streamlined for trial as a result of the statutory estoppel provisions that will apply to Infiltrator. 35 U.S.C. § 315(e); *see Gen. Elec. Co. v. Vibrant Media, Inc*., C.A. No. 12-526-LPS, 2013 WL 6328063, at *1 (D. Del. Dec. 4, 2013)

("[T]he IPR proceedings will simplify this case, as [defendant] will be estopped from contending that certain prior art invalidates the asserted claims.").

Additionally, the IPRs will simplify or aid in the claim construction process because Presby will likely have to clarify or take positions on claim term meanings during the IPR proceedings in an attempt to avoid invalidity. A stay during the IPR proceedings provides for additional prosecution history, which is essential to ensure that Presby does not take one position in the IPRs to avoid invalidity while taking a broader position in this litigation to assert infringement. Statements made by Presby during the IPRs may impact claim construction in this case and would be part of the intrinsic record if the Court needed to conduct a *Markman* hearing later. *See Round Rock Research LLC v. Dole Food Co.*, C.A. Nos. 11-1239-RGA, 11-1241-RGA, 11-1242-RGA, 2012 WL 1185022, at *1 (D. Del. Apr. 6, 2012) (granting a stay and noting that "even if [the claims are] neither rejected nor modified, [they] will garner additional prosecution history that may be relevant to claim construction").

For all of the foregoing reasons, the "simplification" factor favors a stay.

### 2.    This Action Is Still in Its Early Stages

This factor favors granting a stay when a case is in its early stages. *454 Life Sciences Corp. v. Ion Torrent Sys., Inc.*, C.A. No. 15-595-LPS, 2016 WL 6594083, at *3 (D. Del. Nov. 7, 2016) ("Granting a stay relatively early in a case can be said to advance judicial efficiency and 'maximize the likelihood that neither the Court . . . nor the parties expend their assets addressing invalid claims.'"). As discussed above, this case is still in its very early stages, and much work remains to be done that could be averted by a stay. The parties have not yet engaged in either written or deposition discovery, claim construction briefing, or final contention preparation. The requested stay would thus prevent the parties from expending substantial resources litigating asserted claims that may be invalidated. Moreover, the Court has not yet had to spend its scarce

resources on a claim construction hearing, technology tutorial, or the myriad of other proceedings that precede trial and that may be mooted by the IPRs.

The scheduled trial date, November 18, 2019, is over 17 months from now and 10 months after the PTAB has scheduled final oral arguments in the IPRs. Given the prompt schedule set by the PTAB in the IPRs, the PTAB should issue its decision in the IPRs before expert discovery is currently scheduled to close in this action.

### 3. The Requested Stay Will Not Unduly Prejudice Plaintiff

Presby will not be unduly prejudiced as a result of the requested stay. Presby will have a full and fair opportunity to defend the validity of the asserted claims of the patents-in-suit before a panel of experienced patent judges with technical backgrounds. The potential delay in staying a case pending IPR "does not in itself establish undue prejudice to the non-movant." *Bonutti*, 2014 WL 1369721, at *2.

Moreover, Presby's actions show it is in no hurry to conclude this litigation. Presby first asserted the '094 patent more than three and a half years ago.  And nearly seven months into this litigation in this Court, Presby has yet to serve a single discovery request.

Presby also has not sought a preliminary injunction, which suggests that it can be adequately compensated for any alleged infringement during the stay with money damages, including pre-judgment interest. *See Ever Win Int'l Corp. v. Radioshack Corp.*, 902 F. Supp. 2d 503, 511 (D. Del. 2012) ("Plaintiff never sought a preliminary injunction, which suggests that any prejudice to Plaintiff that might result from delaying the ultimate resolution of this dispute is not as severe as it contends.").

To determine whether granting a stay would cause the non-movant undue prejudice or place it at a tactical disadvantage, this Court looks to a number of factors, which include "the timing of the request for reexamination, the timing of the request for stay, the status of the

8

reexamination proceedings and the relationship of the parties." *Boston Sci. Corp. v. Cordis Corp.*, 777 F. Supp. 2d 783, 789 (D. Del. 2011). All of these factors favor the requested stay.

### a.   Infiltrator Diligently Filed IPRs Months Before the Deadline

Courts in this District have recognized that "[t]he more diligent a defendant is in seeking *inter partes* review, the less likely it is that the non-movant will be prejudiced by a stay or that the court will find the defendant's filing of the IPR petition to be a dilatory tactic." *Bonutti*, 2014 WL 1369721, at *2. Infiltrator filed its petitions seeking IPR on November 21, 2017, before the case was transferred to this Court, before Infiltrator had to Answer the complaint in this case, and months before the applicable deadline under 35 U.S.C. § 315(b).

### b.   Infiltrator Timely Moved to Stay

Infiltrator diligently moved for the requested stay after the PTAB instituted the IPRs. Infiltrator made a reasonable effort to reach agreement with Presby Patent Trust on the requested stay, but agreement could not be reached. Infiltrator did not move for a stay before institution, as this Court has observed, "[g]enerally, the 'simplification' issue does not cut in favor of granting a stay prior to the time the PTAB decides whether to grant the petition for *inter partes* review." *Copy Prot. LLC v. Netflix Inc.*, C.A. No. 14-365-LPS, 2015 WL 3799363, at *1 (D. Del. June 17, 2015) (internal quotation marks omitted). Infiltrator diligently filed its motion for a stay within weeks of the PTAB instituting the IPRs. *See Sirona Dental*, C.A. No. 14-460-LPS-CJB, D.I. 67 at 17 (granting stay noting "it would be hard for the Court to fault Moving Defendants for waiting to file their Motion until shortly after the PTAB's decisions to institute review came down").

### c.   The Status of the IPR Proceedings Favors a Stay

The PTAB granted each of Infiltrator's IPR petitions in a timely fashion, less than three months after receiving Presby's preliminary responses to those petitions. (Exs. A and B). "[T]he

timeliness of the PTO's response to [Defendants'] petitions suggests that the PTO is proceeding with all due haste, in compliance with its statutory obligations, and weighs in favor of granting the stay." *Bonutti*, 2014 WL 1369721, at \*4. In connection with its institution decisions, the PTAB scheduled final oral arguments in the IPRs for February 19, 2019. (Exs. C and D). As a result, the IPRs are already eight months away from the final party submissions prior to a PTAB decision. In addition to deciding to institute the IPRs in a timely fashion and setting a fast schedule to the final oral arguments, the PTAB has already performed a detailed analysis of the parties' disputes. (Exs. A and B). Infiltrator submitted detailed petitions to institute the IPRs, and Presby responded with detailed oppositions. The PTAB's IPR institution decisions reflect a careful analysis of Infiltrator's and Presby's positions. There will be more evidence submitted as the IPRs progress, but the institution decisions show that the PTAB has already spent significant time considering the asserted prior art references and Presby's arguments in opposition. (*Id.*).

> d.      The Relationship of the Parties Does Not Weigh Against a Stay

The relationship of the parties does not cut against a stay under the circumstances here, as demonstrated by Presby's own actions. As noted above, Presby delayed 20 months in filing this action after its first complaint was dismissed for lack of personal jurisdiction. And three years after the dismissal, Presby still has not served discovery requests. Nor has Presby sought a preliminary injunction, which is a tacit admission that monetary damages are adequate for any alleged infringement during the requested stay. *See Ever Win Int'l*, 902 F. Supp. 2d at 511 ("Plaintiff never sought a preliminary injunction, which suggests that any prejudice to Plaintiff that might result from delaying the ultimate resolution of this dispute is not as severe as it contends.").

Given that all four sub-factors weigh in favor of a stay, the overall "undue prejudice" factor favors a stay.

## IV.    CONCLUSION

Each of the relevant factors identified by this Court weighs in favor of the requested stay, and Infiltrator respectfully requests that the Court grant its motion to stay this case until final resolution of the IPRs.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Stephen J. Kraftschik*
Jack B. Blumenfeld (#1014)
Stephen J. Kraftschik (#5623)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mant.com
skraftschik@06mnat.com

*Attorneys for Defendants*

OF COUNSEL:

Edward C. Donovan, P.C.
Sean M. McEldowney
John R. Rhine
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W., Suite 1200
Washington, D.C.  20005
(202) 879-5000

June 22, 2018
11995571

11

## CERTIFICATE OF SERVICE

I hereby certify that on June 22, 2018, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on June 22, 2018, upon the following in the manner indicated:

David J. Perkins, Esquire                                    *VIA ELECTRONIC MAIL*
Jeffrey C. Joyce, Esquire
PERKINS OLSON, P.A.
32 Pleasant Street
Portland, ME  04112
*Attorneys for Plaintiff*

Arthur G. Connolly, III, Esquire                             *VIA ELECTRONIC MAIL*
Ryan P. Newell, Esquire
Mary I. Akhimien, Esquire
CONNOLLY GALLAGHER LLP
The Brandywine Building
1000 West Street, Suite 1400
Wilmington, DE  19801
*Attorneys for Plaintiff*

David W. Rayment, Esquire                                    *VIA ELECTRONIC MAIL*
William B. Pribis , Esquire
CLEVELAND, WATERS AND BASS, P.A.
Two Capital Plaza
P.O. Box 1137
Concord, NH  003302-1137
*Attorneys for Plaintiff*

Stephen R. Finch, Esquire                                    *VIA ELECTRONIC MAIL*
FINCH & MALONEY PLLC
Gateway One
50 Commercial Street, Suite 300
Manchester, NH  03101
*Attorneys for Plaintiff*

/s/ *Stephen J. Kraftschik*

Stephen J. Kraftschik (#5623)

12